SCHACK v. LEBAR.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8302. Decided Mar. 12, 1928.

Middleton, P. J., and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1053. ROADS AND HIGHWAYS—225. Charge of Court—829. Negligence.
Where road consists of paved portion and dirt strip, charge that it is duty of driver to stick to right side of road, and later explanation, at request of jury, that dirt and paved part of road are to be considered together, in determining area of road, held to constitute reversible error.

Error to Common Pleas.
Judgment reversed.

Kenneth D. Carter, Cleveland, for Schack.
Frank A. Green, Cleveland, for Lebar.
FULL TEXT.

MAUCK, J.
Lebar, by his petition in the Common Pleas Court, sought to recover damages resulting from a collision between his automobile, and a wagon team driven by an employee of the defendant, Schack. The latter by cross-petition sought recovery. Each party charged the other with negligence and each party denied the negligence asserted against him. The trial resulted in a verdict and judgment for the plaintiff.

The instructions to the jury require a reversal of the judgment. In part the charge was prejudicial to the plaintiff; in some places it is so obscure that its purport is uncertain. These features need not be discussed. The only part of the charge to which attention need now be called is that given to the jury after its request for further instructions. The jury had been directed in the general charge that it was the duty of each party to stick to the right side of the road. The Court said:

"Under the law of the road, it is the duty of each of these parties to stick to the right side of his road, and if both parties had done that, the accident, of course, would not have happened."

The road consisted of an improved portion from fourteen to twenty feet wide, and a dirt strip to the north thereof. The jury was perplexed as to whether the court's instruction was that the parties should ascertain the right half of the road measured from the center of the improved portion, or measured from the center of the combined improved and unimproved strip. The jury seemed to deem this vital. The Court, in answer to an inquiry made in this behalf, said in effect that the dirt and paved part of the road were to be considered together in determining the area of the road. He said, "Dirt and the pavement are all part of the street."

In the application that the jury must have given to this language, there was error. Elms v. Flick, 100 OS 166. This is not only the established rule in such cases, but in the case at bar, the plaintiff had specifically pleaded in his fourth specification of negligence that the defendant's negligence so far as the latter's position on the road was concerned, consisted in driving his team on "the left side of the driven or used portion of said paved road."

The Court in its general instructions ought to have limited the jury to finding that the defendant was guilty of negligence in being on the left side of the paved strip, both because that was the law, and particularly because that was all claimed in the petition. While it was the duty of the defendant to have asked that the general instructions be clarified in this respect, and while the defendant did not make this request, it nevertheless became necessary for the court to clear up the matter when the jury asked for more definite instructions and the court failed to accurately and correctly meet this requirement.

For erroneous instructions, the judgment is reversed and remanded.

(Middleton, P. J., concurs.)